UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PRECISION ALLIANCE GROUP, LLC; ) | |
| PRECISION SOYA, LLC; ) | |
| ALLIANCE PRODUCTION, LLC; ) | |
| NEW ALLIANCE PRODUCTION, LLC; and ) | |
| ALLIANCE PRODUCTION OF IOWA, LLC, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | CAUSE NO. 1:07-CV-284 |
| ) | |
| GRO ALLIANCE, LLC; ) | |
| NORTH GRO SEEDS, INC.; ) | |
| SCHWEIGERT SEED FARMS, INC.; ) | |
| LOUIS J. SCHWEIGERT; and ) | |
| SHERRI SCHWEIGERT, ) | |
| ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

Plaintiffs Precision Alliance Group, LLC; Precision Soya, LLC; Alliance Production, LLC; New Alliance Production, LLC; and Alliance Production of Iowa, LLC, ("the Plaintiffs") filed a Petition to File Complaint Under Seal against Defendants Gro Alliance, LLC; North Gro Seeds, Inc.; Schweigert Seed Farms, Inc.; Louis J. Schweigert; and Sherri Schweigert ("the Defendants") on November 13, 2007. (Docket # 1.) In connection with a hearing on the motion to seal the Complaint, however, the Court *sua sponte* and pursuant to Federal Rule of Civil Procedure 12(h)(3) raised the issue of whether there is subject matter jurisdiction under 28 U.S.C. § 1332. *See generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction).

In particular, the Complaint only recites the residencies of Defendants Louis J. Schweigert and Sherri Schweigert, not their citizenship. (*See* Compl. ¶¶ 11, 12.) This is an

important omission because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc*., 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot*, 469 F.3d at 677-78.

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Louis J. Schweigert and Sherri Schweigert, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Moreover, there are five Plaintiff LLCs and one LLC Defendant. As to any party who is an LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of each LLC to ensure that none of the members of the Defendant LLC share a common citizenship with any of the Plaintiff LLCs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Furthermore,

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

citizenship must be "traced through multiple levels" for those members of each LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Most troubling is Paragraph 14 of the Complaint which recites that the Plaintiff, Precision Alliance Group, LLC, is a member of the Defendant Gro Alliance, LLC, and thus, if true, would establish that there is no diversity of citizenship as a matter of law. The Plaintiffs must clarify this allegation because otherwise the Complaint should be dismissed.

Therefore, the Plaintiffs are ORDERED to show cause on or before November 26, 2007, why this complaint should not be dismissed for lack of subject matter jurisdiction, and are to supplement the record as to the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership. It is further ORDERED that the motion to seal is granted, provided however, that the Plaintiffs are to file a redacted version of the Complaint on or before noon on November 16, 2007. If no redacted Complaint is filed, the sealed Complaint will be unsealed without further order.

SO ORDERED.

Enter for this 14 day of November, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge